UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DYER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-486** |
| **AMERICAN RIVER TRANSPORTATION CO.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Defendant American River Transportation Company's ("American River") "Motion for Partial Summary Judgment."[1] In the motion, Defendant urges the Court to dismiss with prejudice Plaintiff John Dyer's ("Dyer") claim for maintenance and cure.[2] For the following reasons, the Court will deny Defendant's motion as untimely filed.

American River filed the instant motion on January 6, 2016 and set a submission date of February 3, 2016.[3] On March 26, 2015, the Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than January 6, 2016."[4] Local Rule 7.2 provides that "unless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission." To permit hearing no later than January 6, 2016, each party was required to submit any non-evidentiary pretrial motions by December 22, 2015. Therefore, it is evident that Defendant's motion was submitted in violation of the Court's scheduling order.

---

[1] Rec. Doc. 26.

[2] *Id.*

[3] *Id.*

[4] Rec. Doc. 10.

Federal district courts have the inherent power to enforce their scheduling orders,[5] and Federal of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[6] Here, American River did not request or obtain the Court's consent to modify the scheduling order, nor did it request leave to file its motion out of time. A jury trial in this matter is currently set for February 22, 2016. Hence, the Court's Scheduling Order provided that dispositive motions must be filed in enough time to be heard *no later* than January 6, 2016.[7] This allows the Court the minimum time needed to address motions before the Pre-Trial Conference, which in this case is set for February 3, 2016, the same date for which Defendant set its motion for submission.

---

[5] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have this power."); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

[6] Fed. R. Civ. P. 16(b)(4).

[7] Rec. Doc. 10.

If the Court were to indulge American River's tardiness and hear its motion on February 3, 2016, Plaintiff would be in the position of litigating a motion for partial summary judgment for at least three additional weeks, during which he ought to be preparing for trial. It also imposes hardship on the Court to resolve the motion in advance of trial. Filing the motion late inconveniences both the plaintiff in this case and the Court. The Court issued its scheduling order on March 26, 2015 in order to allow both the parties and the Court adequate time to deal with all legal issues prior to trial. Parties are expected to be diligent in moving their cases along. The Court reiterates that all deadlines in this matter remain intact and must be adhered to by the parties.

Accordingly,

**IT IS HEREBY ORDERED** that American River's motion for partial summary judgment[8] is **DENIED** as untimely filed.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of January, 2016.

                                             **NANNETTE JOLIVETTE BROWN**
                                             **UNITED STATES DISTRICT JUDGE**

---

[8] Rec. Doc. 26.